# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

RONALD FILIPOWICZS,

               Plaintiff,

vs.

KAY JEWELERS, INC., an Ohio
corporation; d/b/a STERLING JEWELERS,
INC.; and DOES 1 through 10, inclusive,

               Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

## COMPLAINT

### I. INTRODUCTION

1.  Ronald Filipowiczs ("Plaintiff"), an individual consumer, brings this action to secure redress from unlawful credit and collection practices engaged in by Kay Jewelers, Inc. ("Defendant"). Plaintiff alleges violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 et seq. ("FCCPA") which prohibits debt collectors from engaging in abusive, deceptive or unfair practices in connection with debt collection. Additionally, Plaintiff alleges violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA"), which prohibits, in part, the use of any telephone facsimile machine or device to send unsolicited text message advertisement to recipients. Plaintiff also alleges a state law tort for intrusion upon seclusion.

### II. VENUE AND JURISDICTION

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 (Federal Question), 28

- 1 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

U.S.C. § 1337 (Interstate Commerce);  47 U.S.C. § 227(b)(3); Fla. Stat. §§ 47.011and 47.051;

and Fla. Stat. § 559.77(1).  Defendant resides in this District, Plaintiff's cause of action against

Defendant accrued in this District.

    3.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §

1367.

    4.  Venue and personal jurisdiction in this District are proper because Defendant does

or transacts business within this District, and a material portion of the events at issue occurred

in this District.

### III. PARTIES

    5.  Ronald Filipowiczs (Plaintiff) is an individual, residing in North Port, Sarasota

County, Florida 34288.  Plaintiff is a natural person obligated or allegedly obligated to pay any

debt and as such is a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(2).

    6.  Upon information and belief, Kay Jewelers, Inc. (Defendant) is a corporation

incorporated under the laws of the State of Ohio, with its principal place of business located at

375 Ghent Road, Akron, OH 44333.   Upon information and belief, Defendant is identified by

FEI/EIN number 520964503.  Upon information and belief, Defendant's Registered Agent for

Service of Process in Florida is CT Corporation System, 1200 S. Pine Island Road, Plantation,

FL 33324.

    7.  Upon information and belief, Defendant uses the telephone to engage in business,

the principal purpose of which is the collection of debts, or Defendant regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another.  As such, Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(6).

    8.  The true names and capacities, whether individual, corporate, or in any other form,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered

## IV. FACTUAL ALLEGATIONS

9.   Upon information and belief, within two years prior to the filing of this action, Defendant attempted to collect from Plaintiff an alleged debt relating to the purchase of jewelry (alleged debt).  As such, Defendant attempted to collect from Plaintiff any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, within two years prior to the filing of this action, Defendant attempted to collect from Plaintiff a "debt" or a "consumer debt" as defined by Fla. Stat. § 559.55(1).

10. Upon information and belief, within two years prior to the filing of this action, Defendant constantly and continuously called Plaintiff on his cellular telephone and his spouse's cellular telephone for the purpose of collecting the alleged debt.

11. Upon information and belief, within two years prior to the filing of this action, Defendant called Plaintiff multiple times in the same day for the purpose of collecting the alleged debt.

12. Upon information and belief, within two years prior to the filing of this action, on several occasions, Defendant called Plaintiff no less than three (3) times in the same day for the purpose of collecting the alleged debt.

13. Upon information and belief, within two years prior to the filing of this action,

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant called Plaintiff each and every day for several days in a row for the purpose of collecting the alleged debt.

14. In approximately one month, the Defendant received no less than eight messages from a representative named Erica stating some variation of the following:

> "Good morning Ron Filipowiczs. This is Erica. I am personally reaching out to you. I have very helpful information and opportunity to apply to your fullest benefit here on behalf of Kay Jewelers. I just needed a return call and a few minutes of your time so I can go over it with you directly and we can go from that point. If you would just contact me here in my office. Ill be here all the way until 9:00 pm. Toll free Ron is 800-877-8835. Ask to speak with Erica my extension is 3181. Again it is for your fullest benefit Ron. I just didn't want to see you miss out on this opportunity. Take care."

15. The same representative, Erica, called Plaintiff's father. She left a number for the Plaintiff's father to return her call. Plaintiff's father informed Defendant that Plaintiff did not live at their residence and asked that they stop calling. Plaintiff's wife also advised Defendant to stop calling Plaintiff's parents.

16. Defendant ignored the request of Plaintiff's father and Plaintiff's wife and continued calling Plaintiff parents in an attempt to collect the alleged debt.

17. Defendant also called Plaintiff's brother on his cellular telephone in an attempt to collect the alleged debt.

18. Defendant also called Plaintiff's in-laws on their home telephone in an attempt to collect the alleged debt.

19. Defendant also called Plaintiff's employer in an attempt to collect the alleged debt.

20. Upon information and belief, within two years prior to the filing of this action, Defendant called Plaintiff at times known to be inconvenient for the Plaintiff, specifically on April 6, 2013, Defendant called Plaintiff at 10:03 p.m.

- 4 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

21. Defendant dialed Plaintiff's cellular telephone from the following number at the following dates and times:

|     |           |        |     |              |
| --- | --------- | ------ | --- | ------------ |
| A.  | 3/2/2013  | 12:44  | pm  | 305-682-8706 |
| B.  | 3/6/2013  | 12:34  | pm  | 706-354-6198 |
| C.  | 3/12/2013 | 3:52   | pm  | 305-207-1137 |
| D.  | 3/13/2013 | 10:40  | am  | 305-207-1137 |
| E.  | 3/15/2013 | 12:03  | pm  | 305-682-8706 |
| F.  | 3/28/2013 | 2:09   | pm  | unknown      |
| G.  | 3/29/2013 | 11:22  | am  | 814-459-5168 |
| H.  | 3/29/2013 | 2:24   | pm  | 618-224-7197 |
| I.  | 3/30/2013 | 9:15   | am  | 814-459-5168 |
| J.  | 4/1/2013  | 11:07  | am  | 330-493-9013 |
| K.  | 4/2/2013  | 12:20  | pm  | 407-932-1234 |
| L.  | 4/2/2013  | 1:50   | pm  | 630-920-1248 |
| M.  | 4/3/2013  | 8:18   | pm  | 414-744-3906 |
| N.  | 4/4/2013  | 2:06   | pm  | 303-904-6771 |
| O.  | 4/5/2013  | 2:49   | pm  | 989-894-2086 |
| P.  | 4/5/2013  | 2:58   | pm  | unknown      |
| Q.  | 4/5/2013  | 2:59   | pm  | 800-877-8835 |
| R.  | 4/6/2013  | 10:03  | pm  | 207-947-4493 |
| S.  | 4/8/2013  | 10:22  | am  | 440-461-5263 |
| T.  | 4/8/2013  | 10:24  | am  | 440-461-5263 |
| U.  | 4/8/2013  | 11:04  | am  | 973-266-7846 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

V. 4/9/2013  11:53  am    417-282-1425

W. 4/9/2013  5:50  pm    973-466-0068

X. 4/10/2013 9:21  am    619-725-0714

22. Upon information and belief, within two years prior to the filing of this action, Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff.

23. At all times relevant to this action, upon information and belief, Defendant has owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

24. Upon information and belief, within two years prior to filing of this action, on multiple occasions, Defendant contacted Plaintiff on his cellular telephone using an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

25. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b)(1)(A).

26. In these pre-recorded messages, the Defendant stated the following:

> "This message is from your jeweler.  Please contact us today at 1-800-366- 6885.  Our office hours are Monday through Thursday 8:00 am to 11:00 pm;  Friday 8:00 am to 9pm; Saturday 8:00 am to 5:00 pm; Sunday 12:00 pm to 9:00 pm.  Once again our number is 800-366- 6885."

27. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

28. Plaintiff did not provide prior express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. §227(b)(1)(A).

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

29. The telephone number Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge of incoming calls pursuant to 47 U.S.C § 227(b)(1) and Fla. Stat. § 559.72(19).

30. Upon information and belief, during the telephone calls referred to in paragraph 14 and paragraph 26 of this Complaint, Defendant failed to provide meaningful disclosure of its identity, to disclose to Plaintiff that Defendant was a debt collector, or that Defendant was calling Plaintiff in an attempt to collect a debt.

31. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

32. Defendant willfully or knowingly violated the TCPA.

33. In connection with the collection of the alleged debt, Defendant sent Plaintiff written communication dated April 11, 2013, which stated that Plaintiff owed the amount of $3,140.93.

34. In the April 11, 2013 letter, Defendant stated that Plaintiff:

"Must pay this amount immediately, or legal action will commence to recover the balance due. This letter is the only notice you will receive before we take legal action based on the state and local laws." (Exhibit A)

35. Defendant's April 11, 2013 letter also provided that if Plaintiff failed to respond within 15 days, they would refer the account to an attorney to bring suit against the Plaintiff to collect the amount owed.  (Exhibit A).

36. The letter's insistent language and repeated threats of legal action against Plaintiff, created a false sense of urgency.

37. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff.

38. Upon information and belief, the natural and probable consequences of Defendant's

- 7 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

conduct as alleged above amounts to a false, deceptive or misleading representation or means in connection with the collection of a debt.

39. Upon information and belief, the natural and probable consequences of Defendant's conduct as alleged above amounts to an unfair or unconscionable means to collect or attempt to collect a debt.

## V.  FIRST CAUSE OF ACTION

### *Violation of the Florida Consumer Collection Practices Act,*

### *Fla. Stat. §§ 559.55—559.785*

40. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. FCCPA, Fla. Stat.  § 559.72(7) provides, in pertinent part:

**559.72.  In collecting consumer debts, no person shall:**
**...**
**(7) Willfully communicate with the debtor or any member of her or his  family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which  can reasonable be expected dot abuse or harass the debtor or any member of her or his family.**

42. Defendant violated FCCPA, Fla. Stat. § 559.72(7) when defendant (1) made multiple calls each day on multiple days in multiple weeks from March 2, 2013 to April 10, 2013 to Plaintiff attempting to collect the alleged debt; (2) made calls to Mrs. Filipowiczs' cellular telephone attempting to collect the alleged debt;  (3) made calls to Plaintiff's father in an attempt to collect the alleged debt after Plaintiff's father and Plaintiff's wife told Defendant to stop calling Plaintiff's father because Plaintiff did not live there; (4) made calls to Plaintiff's brother on his cellular telephone in an attempt to collect the alleged debt (5) made calls to Plaintiff's in-laws on their home telephone in an attempt to collect the alleged debt;  (6) made

- 8 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

calls to Plaintiff's employer in an attempt to collect the alleged debt; (7) failed to disclose that it is a debt collector and the purpose of its communication; (8) used an  automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented; (9) telephoned Plaintiff with such frequency as can be reasonably be expected to harass;  (10) communicated with the Plaintiff in an attempt to collect the alleged debt between the hours of 9:00 pm and 8:00 a.m. without Plaintiff's consent, specifically Defendant called as late as 10:03 p.m.; (11) repeatedly contacted a third party with regard to the alleged debt without stating that it was a debt collector;  (12) repeatedly contacted Plaintiff in an attempt to collect the alleged debt without stating that it was a debt collector; (13) sent a letter threatening legal action against Plaintiff, creating a false sense of urgency.

43. FCCPA, Fla. Stat.  § 559.72(17) provides, in pertinent part:

**559.72.  In collecting consumer debts, no person shall:**
**...**
**(17) Communicate with the debtor between the hours of 9:00 p.m. and 8:00 a.m. in the debtor's time zone without the prior consent of the debtor.**

44. Defendant violated FCCPA §559.72(17) when Defendant  (1) made multiple calls each day on multiple days in multiple weeks from March 2, 2013 to April 10, 2013 to Plaintiff attempting to collect the alleged debt; and (2) Communicated with the Plaintiff in an attempt to collect the alleged debt between the hours of 9:00 p.m. and 8:00 a.m. without the prior consent of the Plaintiff, specifically on April 6, 2013 Defendant called Plaintiff at 10:03 p.m. in an attempt to collect the alleged debt.

45. FCCPA, Fla. Stat.  § 559.77(5) provides, in pertinent part:

**In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the Federal Fair Debt Collection Practices Act.**

COMPLAINT AND DEMAND FOR JURY TRIAL

46. Defendant violated the FCCPA by violating 15 U.S.C. §1692b(1) by contacting the Plaintiff's father and failing to identify themselves, or failing to state that it was confirming or correcting location information.

47. Defendant violated the FCCPA by violating 15 U.S.C. §1692b(1) by contacting the Plaintiff's wife and failing to identify themselves, or failing to state that it was confirming or correcting location information.

48. Defendant violated the FCCPA by violating 15 U.S.C. §1692b(1) by contacting the Plaintiff's father and failing to identify themselves, or failing to state that it was confirming or correcting location information.

49. Defendant violated the FCCPA by violating 15 U.S.C. §1692b(1) by contacting the Plaintiff's in-laws and failing to identify themselves, or failing to state that it was confirming or correcting location information.

50. Defendant violated the FCCPA by violating 15 U.S.C. §1692b(1) by contacting the Plaintiff's brother and failing to identify themselves, or failing to state that it was confirming or correcting location information.

51. Defendant also violated the FCCPA by violating 15 U.S.C. §1692b(3) by contacting the Plaintiff's father numerous times after Defendant was told by Plaintiff's father and Plaintiff's wife to stop calling Plaintiff's family members.

52. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(a)(1) when Defendant contacted Plaintiff at an unusual time or time known to be inconvenient to the consumer. Specifically, on or about April 6, 2013, Defendant called Plaintiff at 10:03 p.m. in an attempt to collect the alleged debt.

53. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(a)(3) when

- 10 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant called Plaintiff's place of employment in an attempt to collect the alleged debt.

54. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(b) by contacting the Plaintiff's wife and attempting to discuss the Plaintiff's debt.

55. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(b) by contacting the Plaintiff's father and attempting to discuss the Plaintiff's debt.

56. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(b) by contacting he Plaintiff's in-laws and attempting to discuss the Plaintiff's debt.

57. Defendant violated the FCCPA by violating 15 U.S.C. §1692c(b) by contacting the Plaintiff's brother and attempting to discuss the Plaintiff's debt.

58. Defendant violated the FCCPA by violating 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

59. Defendant violated the FCCPA by violating 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

60. Defendant violated the FCCPA by violating 15 U.S.C. §1692d(6) by calling the Plaintiff and Plaintiff's family members in an attempt to collect the alleged debt without disclosing its identify. Specifically, Defendant would leave messages identifying itself by simply stating "this is your jeweler."

61. Defendant violated the FCCPA by violating 15 U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt. For example, the Defendant (1) did not clearly identify itself when communicating with the Plaintiff and his family members; (2) did not clearly identify itself when it left messages for the

- 11 -

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff and his family members; (3) did not state that it was a debt collector attempting to collect a debt to the Plaintiff or his family members; and (4) sent Plaintiff a letter threatening legal action against Plaintiff, creating a false sense of urgency.

62. Defendant violated the FCCPA by violating 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

63. Defendant also violated FCCPA by violating 15 U.S.C. §1692g(a)(3) and §1692g(a)(4) because the Notice and Demand (Exhibit A) lacks any language advising the Plaintiff of his right to dispute the debt within 30 days or his right to have verification mailed to him.

64. As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life.

65. Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. §559.77(2).

## VI. SECOND CAUSE OF ACTION

### *Negligent Violation of the Telephone Consumer Protection Act*

### *47 U.S.C. § 227 et seq.*

66.   Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.   On multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part:

> **"It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an**

COMPLAINT AND DEMAND FOR JURY TRIAL

**artificial or prerecorded voice — to any telephone number assigned to a ...cellular telephone service...or any service for which the called party is charged for the call.**

68.   Defendant negligently placed multiple non-emergency automated calls to Plaintiff's cellular phone without his prior express consent.

69.   Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

70.   As a result of the Defendant's negligent violations of the TCPA, Defendant is liable to the Plaintiff, Ronald Filipowiczs, for statutory damages in an amount up to $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## VII.   THIRD CUASE OF ACTION

*Knowing and/or Willful Violation of the Telephone Consumer Protection Act*

*47 U.S.C. § 227 et seq.*

71. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Defendant knowingly and/or willfully placed multiple non-emergency automated calls to Plaintiff's cellular telephone without his prior express consent.

73. Each of the aforementioned calls be Defendant constitutes a knowing and/or willful violation of the TCPA.

74. Pursuant to 47 U.S.C. § 227(b)(3), if the court finds that Defendant willfully or knowingly violated 47 U.S.C. § 227 (b)(1)(A)(iii) the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3)(B).

75. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

76. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VIII.   FOURTH CAUSE OF ACTION

### *Invasion of Privacy by Intrusion Upon Seclusion*

77.   Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]"**
>
> 47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

79.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including creditors that try to collect on debts owed to them, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

- 14 -

COMPLAINT AND DEMAND FOR JURY TRIAL

80.    Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

81.    Specifically, Defendant repeatedly and unlawfully called Plaintiff's cellular telephone using an automatic dialing system at least 24 times within a span of approximately 1 month.

82.    Additionally, Defendant repeatedly and unlawfully contacted Plaintiff's cellular telephone using an automatic telephone dialing system, after Plaintiff had already told Defendant to stop calling, thereby invading Plaintiff's right to privacy.

83.    Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

84.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

85.    The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

86.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

87.    As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.   Enter judgment against the Defendant finding that the Defendant violated the FCCPA, TCPA and right to privacy.

B.   Actual damages;

C.   Statutory damages;

D.   Attorney's fees, litigation expenses and cost of suit;

E.   Punitive damages;

F.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

G.   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: June 5, 2013                    Crumley & Wolfe, P.A.


By:_____
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
2254 Riverside Avenue
Jacksonville, FL 32204
Phone: (904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com
*Attorney for Plaintiff*
*Ronald Filipowiczs*

- 16 -

COMPLAINT AND DEMAND FOR JURY TRIAL